## MIAMI BOARD OF REALTORS, et al v. TAX ASSESSOR, et al.
### No. 70-17044.
Circuit Court, Dade County.

November 4, 1970.

John W. Prunty, Miami, for plaintiffs.

Thomas C. Britton, County Attorney, Gary S. Brooks, Assistant County Attorney, for defendants.

THOMAS E. LEE, Jr., Circuit Judge.

*Final judgment:* This cause having come on for final hearing before the court upon the plaintiffs' complaint and the answer of the defendants thereto including certain affirmative defenses raised by the defendants; and the court having heard and considered the testimony and evidence adduced, together with the argument of counsel for the respective parties, finds as follows —

The court has jurisdiction over the subject matter and the parties and the issues framed by the pleadings are appropriate for adjudication by way of declaratory relief.

That the prior action brought in the circuit court of the eleventh judicial circuit, case no. 70-12116, entitled Ronald I. Strauss, et al, petitioners, v. Porter Homer, as County Manager of Dade County, et al, respondents, does not present the character of a true class action which would bar the present action by the plaintiffs brought on their behalf and on behalf of all persons owning property in Dade County as a class action.

The evidence established that the tax assessing authorities of Dade County determined that an increase in construction costs had occurred in Dade County for the period 1966 to 1970 of 31% and selected a new base rate for construction costs of 31% higher than the previous base rate. The tax assessor then granted to each structure in the county an additional 6% depreciation for the period 1966 to 1970. This additional depreciation factor was granted regardless of the age, condition, use or location of the structure involved. By subtracting the depreciation allowance from the increased costs of construction percentage, a multiplier of 25% was produced. The assessor then simply took every building value and increased it by 25%. Each and every building in the county was not individually reinspected in connection with the preparation of the 1970 tax roll. The buildings in the county number approximately 275,000.

The evidence from the experts who testified established the fact that the market value approach is the best method to be used in assessing property for taxation purposes. The experts further established that the use of a uniform multiplier or fixed percentage factor in the preparation of the assessment roll is not an acceptable assessment practice and should not be employed.

The evidence further established that the tax assessor in preparing the 1970 Dade County tax roll followed, of necessity, similar procedures to those followed in the years from 1966 forward, of updating and modifying the previous year's roll to account for such recent changes or developments as may have come to the attention of the tax assessor from various sources, without an overall adjustment of all of the numerous entries on the rolls as a whole. The assessed values thus assigned to the approximately 350,000 parcels or entries on the 1970 tax rolls are at varying ratios in relation to "fair market value" as defined in Walter v. Schuler, 176 So.2d 81, and Dickinson v. Geraci, 190 So.2d 368.

In view of the showing of the varying ratios of assessments in relation to "fair market value" as between individual properties, classes of properties and areas of properties on the 1970 tax rolls as now prepared, it must be concluded that the 1970 assessment roll is not equitable and uniform as demanded by article VII, §4 of the constitution of the state of Florida and §193.011, Florida Statutes 1970. The testimony indicated that the ratio of assessment value to fair market value for single family residences varied from one subdivision to another of from 66.5% to 89.9% and condominium apartments varied from location to location of from 84.4% to 102.5%. A similar variance in rental properties occurred of from 70.8% to 97.5%.

It was established that the tax rolls and information prior to this current year contained certain omissions, discrepancies and inequities and this court would be indeed naive not to be aware of differences existing in the base line rolls which the assessor was forced to utilize, and certainly it must follow that it is manifestly impossible to properly apply any uniform multiplier or percentage factor to the existing base roll in an effort to produce "fair market value" assessments because such procedure can only compound and exaggerate any prior existing variances.

The good faith of the tax assessing authorities of this county and in particular the tax assessor and his chief deputy are not questioned. Their task is an enormous one and in all probability there never will be a tax roll that is completely satisfactory to all parties who are being taxed. Nevertheless the evidence indicates that there has been too little use of market sales surveys with a view to adjusting the inequities which were compounded by the use of the fixed multiplier. New techniques and modern machines can produce computer print-outs bearing certain property sales information which correlates to "fair market value" and this information can be immediately utilized to correct deficiencies. The plaintiffs are to be commended for their sincere service in compiling infor-

mation which has clearly revealed inadequacies in the tax assessing procedures and results.

Despite the demonstrated inequities and the lack of uniformity in the various component properties, in particular in the category of improved properties, and the variations in the ratio of assessment values to fair market values from area to area and subdivision to subdivision throughout the county, the overall result of the tax roll reaches a median figure which is acceptable under the present dictates of the law and more closely approximates fair market value as defined by statute and judicial interpretation than any of the previous tax rolls.

This court is aware that the fiscal year for Dade County began October 1 and that the county is directly dependent upon the ad valorem tax revenues to fulfill its budget requirements for numerous services performed by the county, and that likewise the Dade County School Board and the various municipalities in the county are directly dependent upon current revenues from ad valorem taxes to meet the financial needs of these governmental entities. Therefore, the setting aside of the present proposed 1970 tax assessment roll and a direction to reassess at this late date could so delay the collection of needed revenue as to cause chaos and confusion in the fiscal affairs of the governmental agencies which would be directly affected.

The evidence further demonstrated that it is possible to obtain market sales surveys which may be directly utilized in adjusting inequities, discrepancies and lack of uniformity in assessment values and can and should be constantly employed by the taxing authorities to immunize future tax rolls against the imperfections demonstrated in the 1970 tax roll.

What is obviously needed is an adequate, complete and systematic reappraisal of all properties within the county in order to produce a tax roll that correctly reflects "fair market value" for all concerned. Such a reappraisal may require several years to complete, nevertheless, the law demands and the taxpayers are entitled to a tax assessment roll which is uniform and equitable in all respects.

Accordingly, in view of the above and foregoing findings, it is ordered, adjudged and decreed —

A. That in order to preserve and insure the present orderly continuance of governmental and educational services throughout the county, the present proposed assessment roll shall be allowed to stand, subject to such individual adjustments as the machinery

for review of individual assessments may indicate, and the relief sought by the plaintiff against this roll is hereby denied.

B. That the court declares that the use of a uniform multiplier or fixed percentage factor in the preparation of an assessment roll is not an acceptable assessment practice under the laws of Florida and should not be employed.

C. That the costs of this action be taxed against the defendants.